

FILED
Jul 09, 2026
02:32 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Dexter M. Elsberry | Docket No. 2025-80-7100 |
| v. | State File No. 57381-2025 |
| Federal Express Corporation, et al. | |
| Appeal from the Court of Workers' Compensation Claims Shaterra R. Marion, Judge | |

---

## Affirmed and Remanded

---

In this interlocutory appeal, the employee asserts the trial court erred in denying additional medical benefits. Specifically, the employee expressed his disagreement with the authorized treating physician's opinions regarding his recovery status and impairment. The employee sustained an injury to his back, and the employer provided a panel of physicians and authorized medical treatment. The authorized physician diagnosed the employee with a lumbar strain and provided conservative care. He later opined that the employee's ongoing complaints were inconsistent with his injury. After two subsequent emergency room visits, the employer provided another panel, and that physician also offered conservative treatment options. Based on a new complaint of intermittent numbness in both legs, the doctor opined that the employee's symptoms were not related to his work incident and released him at maximum medical improvement with no impairment or restrictions. After an expedited hearing, the trial court found the employee was unlikely to prevail at trial in establishing that his current complaints and need for additional medical treatment are primarily caused by the work injury. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Dexter M. Elsberry, employee-appellant, pro se

Stephen P. Miller and Joseph B. Baker, Memphis, Tennessee, for the employer-appellee, Federal Express Corporation

**Factual and Procedural Background**

On August 7, 2025, Dexter M. Elsberry ("Employee") was working for Federal Express Corporation ("Employer") when he felt pain in his back while lifting rolls of carpet and placing them on a belt. He reported the injury to his manager, and Employer provided a panel of physicians from which Employee selected Dr. James Escue. Dr. Escue diagnosed Employee with a lumbar strain, ordered physical therapy, and returned Employee to work with restrictions, which Employer was able to accommodate. Employee returned for follow-up visits with Dr. Escue, who eventually ordered an MRI of Employee's lumbar spine. Employer scheduled two separate appointments for the MRI, but Employee did not attend either appointment. Instead, Employee presented to the emergency department at West Tennessee Healthcare Jackson-Madison County General Hospital on October 8 with back complaints and requested an MRI. A CT of his lumbar spine revealed mild degenerative disc disease at L4-5 with a posterior broad-based disc bulge. Employee was advised to contact Dr. Escue and advise him of the emergency room visit. He was also referred to a neurosurgery clinic.

On November 6, 2025, Employee filed a petition for benefit determination seeking additional medical treatment and temporary disability benefits stemming from the August 7, 2025 work incident. A dispute certification notice was issued on November 21, identifying medical and temporary disability benefits as disputed issues.

On November 22, Employee was seen at Baptist Memorial Hospital with continued complaints of back pain. An MRI performed at that time showed a small left central disc protrusion at L4-5. Employee was referred to Semmes Murphey Clinic and, upon receipt of the referral, Employer provided Employee with a panel of neurosurgeons. Employee selected Dr. John Brophy from the list of providers and first saw him on January 20, 2026. Dr. Brophy performed a physical examination, reviewed the CT and MRI scans, and diagnosed Employee with lumbar pain associated with a left paracentral L4-5 herniated disc without clinical evidence of radiculopathy. Dr. Brophy recommended a lumbar epidural steroid injection ("ESI") or, alternatively, continued observation, activity modification, and medication. Employer authorized the injection.

On November 28, Employee filed an "Emergency Motion for Expedited Hearing." The court accepted Employee's motion as a request for an expedited hearing and scheduled the hearing for February 24, 2026. In the interim, the parties were able to resolve certain disputes. Employer agreed to pay ongoing temporary disability benefits beginning as of August 13, 2025, mileage reimbursement for authorized treatment, and authorized continued medical treatment with Dr. Brophy. Consequently, the court issued an order on February 9 converting the scheduled expedited hearing to a status hearing.

2

Employee returned to Dr. Brophy on February 3 for his ESI, which another physician was scheduled to perform. However, upon arrival, Employee refused the injection and asked to see Dr. Brophy to discuss his complaints of worsening pain and to ask Dr. Brophy questions regarding his diagnosis and treatment options. Employee told Dr. Brophy at that time that he had developed numbness and tingling in both legs from his groin to his feet approximately three days after his initial appointment with Dr. Brophy. He also reported lower extremity weakness and requested a wheelchair. Dr. Brophy met with Employee and concluded that his current complaints were not related to the August 7, 2025 work incident. Dr. Brophy recommended a home endurance exercise program and opined that Employee could return to work without restrictions on February 9. Dr. Brophy placed him at maximum medical improvement, determined that no additional medical treatment was reasonably necessary for his work injury, and advised Employee to see his primary care physician. Dr. Brophy completed a C-30A Final Medical Report, in which he opined that Employee sustained no permanent impairment as a result of his work injury. As scheduled, on February 24, 2026, the court conducted a status hearing, and Employee expressed his desire for additional medical benefits and temporary disability benefits. As a result, the court set an expedited hearing for April 9.

Following the hearing on April 9, the trial court concluded Employee is unlikely to show at a hearing on the merits that he is entitled to additional medical treatment or temporary disability benefits based on the evidence presented to date. In its order, the court observed that the unrefuted opinion of the authorized physician was that Employee's current complaints and need for treatment were not primarily caused by the work accident and that Employee had reached maximum medical improvement and retained no permanent impairment or work restrictions. In the absence of a contrary opinion, the court found that Employee had not established an entitlement to the requested benefits. Employee has appealed.[1]

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable

---

[1] On July 6 and 7, 2026, Employee filed multiple motions to which he attached records of recent medical treatment at an emergency room that he requested we consider in deciding this appeal. It is well established that we "will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). *See also* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2023) ("Documents, testimony, or other evidence not contained in the record on appeal shall not be considered by the appeals board."). Thus, we cannot consider any documents Employee filed after the issuance of the expedited hearing order that were not entered into evidence and considered by the trial court.

deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

In his notice of appeal, Employee asserts that Dr. Brophy's causation opinion is incorrect. He also disputes that he is at maximum medical improvement, asserting that he is "not at [m]aximum [r]ecovery as [i]ncomplete developed and authorized curative treatment remain outstanding after a 10-month delay." Employee also reports a "secondary mental injury (anxiety depression) from this catastrophic physical decline and loss of parental capacity" and requests a psychiatric panel.[2]

As an initial matter, it does not appear that Employee asked the trial court to order Employer to provide mental health treatment. It is well-settled that, absent circumstances not applicable to this case, a litigant cannot raise issues on appeal that were not presented to the trial court. *See Keyes v. Bridgestone Ams.*, No. 2016-06-2007, 2017 TN Wrk. Comp. App. Bd. LEXIS 33, at *7 (Tenn. Workers' Comp. App. Bd. May 18, 2017) ("issues not presented to and decided by the trial court will not be considered by an appellate court"). *See also Cartwright v. Jackson Capital Partners, Ltd. P'ship*, 478 S.W.3d 596, 614 (Tenn. Ct. App. 2015) ("[A]ppellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them."). Thus, we decline to address Employee's request for mental health treatment when the trial court has had no opportunity to address the issue.

---

[2] Employee has filed multiple motions while his appeal is pending, alleging certain emergency circumstances and requesting certain emergency actions be taken. Employee has provided no controlling authority for his assertion that he is entitled to an abbreviation of the statutory timeframe contemplated for interlocutory appeals. Consequently, Employee's motions for emergency relief are denied, and this opinion is being issued consistent with our statutory mandate. We also observe that Employee's continuous, voluminous, and repetitive filings have not served to expedite the decision in this case. Rather, they have served to divert time and resources away from the merits of the appeal in order to review and consider repeated requests for the same relief, some of which we have already denied. We caution that this may not be the most efficient use of the time and resources of the parties or the courts.

4

Furthermore, it is also well-settled that the employee in a workers' compensation case bears the burden of proving all essential elements of his or her claim, even at an interlocutory stage of the case. *See Scott v. Integrity Staffing Solutions*, No. 2015-05-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Although an employee need only prove a likelihood of prevailing at trial to secure benefits at an interlocutory hearing, "[t]his lesser evidentiary standard . . . does not relieve an employee of the burden of [production] at an expedited hearing." *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Here, it was Employee's burden to come forward with sufficient evidence to convince the court he is likely to prevail at trial, including the opinion of an appropriate medical expert to rebut the opinions expressed by Dr. Brophy.

Here, the only expert medical opinion contained in the record is that of Dr. Brophy, who has opined that: (1) Employee's current complaints and need for treatment are not primarily caused by the work accident; (2) Employee is at maximum medical improvement; (3) Employee retains no permanent anatomical impairment as a result of the work injury; and (4) Employee retains no permanent work restrictions as a result of the work injury. Dr. Brophy is the authorized treating physician; thus, his opinions on the issues of causation and medical necessity are entitled to presumptions of correctness. *See* Tenn. Code Ann. §§ 50-6-102(12)(E); 50-6-204(a)(3)(H). Employee presented no admissible expert medical evidence at the expedited hearing to overcome these presumptions afforded to the authorized physician. Absent proof to support Employee's assertions that his current complaints and need for treatment are causally related to the work incident, he cannot meet his burden of proving he will likely prevail at trial at this interlocutory stage of the case.

**Conclusion**

For the foregoing reasons, the trial court's order denying Employee's request for additional medical and temporary disability benefits is affirmed, and the case is remanded. Costs on appeal have been waived.